```
                    FILED
             CLERK, U.S. DISTRICT COURT
                   4/22/2024
           CENTRAL DISTRICT OF CALIFORNIA
              BY: Valencia Rune DEPUTY
```

```
                   LODGED
             CLERK, U.S. DISTRICT COURT
                 APR 22 2024
           CENTRAL DISTRICT OF CALIFORNIA
              BY: ___rsm___ DEPUTY
```

1  E. MARTIN ESTRADA
   United States Attorney
2  MACK E. JENKINS
   Assistant United States Attorney
3  Chief, Criminal Division
   DAMARIS DIAZ (Cal. Bar No. 277524)
4  ANGELA C. MAKABALI (Cal. Bar No. 296824)
   Assistant United States Attorneys
5  Violent & Organized Crime and Cyber & Intellectual Property Sections
        1300 United States Courthouse
6       312 North Spring Street
        Los Angeles, California 90012
7       Telephone: (213) 894-0302/2331
        Facsimile: (213) 894-0141
8       E-mail:  damaris.diaz@usdoj.gov/angela.makabali@usdoj.gov

9  Attorneys for Plaintiff
   UNITED STATES OF AMERICA

               UNITED STATES DISTRICT COURT

             FOR THE CENTRAL DISTRICT OF CALIFORNIA

   UNITED STATES OF AMERICA,          No. CR 2:24-mj-02355-DUTY

              Plaintiff,              GOVERNMENT'S NOTICE OF REQUEST FOR
                                      DETENTION
              v.

   DAISY POLLARD-GILLIAM,
     aka, "Queen,"
     aka, "Queej Bee,"

              Defendant.

        Plaintiff, United States of America, by and through its counsel of record, hereby requests detention of defendant and gives notice of the following material factors:

   ☐  1.   Temporary 10-day Detention Requested (§ 3142(d)) on the
           following grounds:
      ☐   a.   present offense committed while defendant was on release
                pending (felony trial),
      ☐   b.   defendant is an alien not lawfully admitted for
                permanent residence; and

|   |   |   |
|---|---|---|
| ☐ | c. | defendant may flee; or |
| ☐ | d. | pose a danger to another or the community. |
| ☒ | 2. | Pretrial Detention Requested (§ 3142(e)) because no condition or combination of conditions will reasonably assure: |
| ☒ | a. | the appearance of the defendant as required; |
| ☒ | b. | safety of any other person and the community. |
| ☐ | 3. | Detention Requested Pending Supervised Release/Probation Revocation Hearing (Rules 32.1(a)(6), 46(d), and 18 U.S.C. § 3143(a)): |
| ☐ | a. | defendant cannot establish by clear and convincing evidence that he/she will not pose a danger to any other person or to the community; |
| ☐ | b. | defendant cannot establish by clear and convincing evidence that he/she will not flee. |
| ☒ | 4. | Presumptions Applicable to Pretrial Detention (18 U.S.C. § 3142(e)): |
| ☐ | a. | Title 21 or Maritime Drug Law Enforcement Act ("MDLEA") (46 U.S.C. App. 1901 *et seq.*) offense with 10-year or greater maximum penalty (presumption of danger to community and flight risk); |
| ☐ | b. | offense under 18 U.S.C. §§ 924(c), 956(a), 2332b, or 2332b(g)(5)(B) with 10-year or greater maximum penalty (presumption of danger to community and flight risk); |
| ☒ | c. | offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1)-(a)(3), 2252A(a)(1)-2252A(a)(4), |

|   |   |   |   |
|---|---|---|---|
|   |   |   | 2260, 2421, 2422, 2423 or 2425 (presumption of danger to community and flight risk); |
|   | ☐ | d. | defendant currently charged with an offense described in paragraph 5a - 5e below, <u>AND</u> defendant was previously convicted of an offense described in paragraph 5a - 5e below (whether Federal or State/local), <u>AND</u> that previous offense was committed while defendant was on release pending trial, <u>AND</u> the current offense was committed within five years of conviction or release from prison on the above-described previous conviction (presumption of danger to community). |
| ☒ | 5. |   | Government Is Entitled to Detention Hearing Under § 3142(f) If the Case Involves: |
|   | ☒ | a. | a crime of violence (as defined in 18 U.S.C. § 3156(a)(4)), a violation of 18 U.S.C. § 1591, or Federal crime of terrorism (as defined in 18 U.S.C. § 2332b(g)(5)(B)) for which maximum sentence is 10 years' imprisonment or more; |
|   | ☒ | b. | an offense for which maximum sentence is life imprisonment or death; |
|   | ☐ | c. | Title 21 or MDLEA offense for which maximum sentence is 10 years' imprisonment or more; |
|   | ☐ | d. | any felony if defendant has two or more convictions for a crime set forth in a-c above or for an offense under state or local law that would qualify under a, b, or c |

|   |   |   |   |
|---|---|---|---|
|   |   |   | if federal jurisdiction were present, or a combination or such offenses; |
| ☐ | e. | | any felony not otherwise a crime of violence that involves a minor victim or the possession or use of a firearm or destructive device (as defined in 18 U.S.C. § 921), or any other dangerous weapon, or involves a failure to register under 18 U.S.C. § 2250; |
| ☒ | f. | | serious risk defendant will flee; |
| ☐ | g. | | serious risk defendant will (obstruct or attempt to obstruct justice) or (threaten, injure, or intimidate prospective witness or juror, or attempt to do so). |
| ☐ | 6. | | Government requests continuance of _____ days for detention hearing under § 3142(f) and based upon the following reason(s): |

_____

//
//
//
//
//
//
//
//
//
//

4

☐   7.   Good cause for continuance in excess of three days exists in that:

_____

_____

_____

_____

Dated: April 22, 2024                Respectfully submitted,

E. MARTIN ESTRADA
United States Attorney

MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division

         /s/
_____
DAMARIS DIAZ
ANGELA C. MAKABALI
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA